IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61539-CIV-MOORE

ABBY KRYSTYNA BUCKINGHAM,

    Plaintiff,

vs.

JAIME MACIAS and KENNETH C. JENNE, II, in
his official capacity as Sheriff of Broward County,
Florida,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT JENNE'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 8).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**    **Background**

Plaintiff, Abby Krystyna Buckingham, was sentenced to the Drug Court Treatment Program ("Drug Court") for treatment of a cocaine addiction. Compl. at ¶ 20. Drug Court is a program which provides an alternative to incarceration for "first time, non-violent criminal offenders" facing charges related to controlled substances or substance abuse. Id. at ¶10. Usually, the offender pleads not guilty, participates in the Drug Court program, and, upon successful completion of the program, the charges are dismissed and records sealed. Id. at ¶11. Drug Court Counselors administer various programs of Drug Court, and they are supervised by Drug Court Supervisors, who make recommendations to the Drug Court Judge for sanctions to be imposed if the participant fails to comply with Drug Court requirements. Id. at ¶12-15. Defendant Macias

was a Drug Court Supervisor when Plaintiff participated in the Drug Court program. Id. at ¶ 16. Plaintiff claims Macias' self-proclaimed "addiction" to girls was widely known in the Drug Court program, and he had propositioned several female participants. Id. at ¶17, 19. Defendant Jenne was, during this period, Sheriff of Broward County. Id. at ¶3.

During her participation in the Drug Court program, Plaintiff failed to comply with the program's requirements and tested positive for drug use. Id. at ¶22-23. She "faced the certain consequence of incarceration." Id. at ¶ 23. She claims that Macias, both in a private meeting in his Drug Court office and by telephone, told her that he would recommend against incarceration if she had sex with him, but would "use his authority to ensure that Plaintiff was incarcerated for a lengthy period of time" if she refused. Id. at ¶ 24-25. Plaintiff complied, and subsequently filed this suit against Macias for sexual assault and violation of her civil rights, and against Jenne for violation of her civil rights and negligence. Id. at 31-50.

Defendant Jenne moves to dismiss the Complaint as it pertains to him on the basis that it fails to state a claim upon which relief may be granted. See generally, Def. Mot. Plaintiff has failed to respond to Jenne's Motion to Dismiss, but did subsequently file an Amended Complaint (DE # 11).

## II.   Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

### III.   Discussion

#### A) Count III- Negligence

Plaintiff claims Jenne, as the "final authority" for the Broward County Sheriff's Office, had an obligation to supervise employees and "provide adequate safeguards, policies, and procedures such that participants of [sic] the Drug Court program were not assaulted" by employees, that Jenne failed to do so, that Jenne knew or should have known of Macias' "unfitness as a supervisor," and that Jenne's unreasonable failure to take action resulted in harm to Plaintiff. Compl. at ¶ 41-46. Defendant Jenne argues that the failure of the Complaint to allege compliance with Florida's notice requirements compels the Court to dismiss the Complaint. Def. Mot. at 5.

Count III, the negligence claim, is a pendant cause of action, to which the laws of Florida apply. Florida Statute § 768.28(6)(a) notes that

> [a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

3

Neither the Complaint (DE # 1) nor the Amended Complaint (DE # 11) alleges Plaintiff complied with these requirements. Florida courts apply this requirement strictly. Redner v. Citrus County, 710 F.Supp. 318, 321 (M.D. Fla. 1989); Jozwiak v. Leonard, 513 So.2d 666, 667 (Fla. 1987). This Court must similarly require this notice before allowing a tort action to proceed against a political subdivision of the State. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Therefore, this claim will be dismissed without prejudice.

### B) Count IV- 42 U.S.C. § 1983

Plaintiff claims Jenne was responsible for maintaining policies and customs, namely, "permitting male supervisors and counselors to meet unsupervised with drug-addicted female clients in a private setting" which were the "moving force behind the deprivation of Plaintiff's Constitutional rights" because there were no "checks or balances . . . to prevent Macias from using his authority as a tool for his own libido." Compl. at ¶ 48-50. Plaintiff claims she was injured as a result of these policies and customs. Id. at ¶ 50.

Jenne, named in the suit as a representative of the municipality, cannot be held liable on a *respondeat superior* theory of liability. See Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978). Nor can an official be held liable for merely "instituting a facially constitutional policy." Marsh v. Butler County, 268 F.3d 1014, 1036 (11th Cir. 2001); See City of Canton v. Harris, 489 U.S. 378, 387 (1989). Plaintiff does not allege that allowing "male supervisors and counselors to meet unsupervised with drug-addicted female clients in a private setting" is facially unconstitutional. When the policy at issue is "not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the policy and the constitutional

deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). Plaintiff has alleged only one incident of unconstitutional activity. Accordingly, Claim IV must fail.

### IV. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE # 8) is GRANTED. Plaintiff's claims against Defendant Kenneth C. Jenne, II, are DISMISSED. Count III, the negligence claim, is dismissed without prejudice. Plaintiff may amend the Complaint within twenty (20) days from the date of this Order to comply with the Florida notice requirement for Count III, as described above. All pending motions regarding this defendant are DENIED AS MOOT .

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record